# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

**UNITED STATES OF AMERICA**          **CASE NO. 6:18-CR-00185-03**

**VERSUS**                            **JUDGE ZAINEY**

**KIANA LEWIS (03)**                  **MAGISTRATE JUDGE HANNA**

## MEMORANDUM ORDER

Currently pending is a Motion to Reopen Detention Hearing, filed by Defendant Kiana Lewis (03). [Rec. Doc. 62]. The Government opposes the motion. [Rec. Doc. 64]. For the following reasons, the motion is DENIED.

On July 13, 2018, Lewis was charged in two separate indictments, each alleging participation in separate drug trafficking conspiracies, in the Western District of Louisiana. In Docket No. 18-CR-00185, Defendant Lewis and two others are charged with conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, from on or about October 31, 2017 until on or about November 3, 2017.[1] Lewis is also charged with attempted possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. In Docket No. 18-CR-00186, Lewis and eight others are charged

---

[1] In Docket No. 18-CR-00185, the indictment names Derrick Felton and Alfonzo Johnlouis, in addition to Defendant Lewis; therefore, the Government refers to it as "the Felton Indictment."

with conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, from on or about January 1, 2017 until on or about December 31, 2017.[2] Lewis is also charged individually with possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

Lewis was arrested and made an initial appearance on both indictments on July 17, 2018, at which time she was arraigned and moved to continue her detention hearings until July 20, 2018.[3] On July 20, 2018, pursuant to 18 U.S.C. § 3142(e), this Court found that Lewis failed to rebut the presumption of detention, and she was detained pending trial.[4] In addition to the findings made on the record, this Court included the following additional reasons for detention: the weight of the evidence against Lewis is strong; she is subject to a lengthy period of incarceration if convicted; her prior criminal history; the fact that she participated in criminal activity while on probation, parole or supervision;[5] and her lack of stable employment.[6] In

---

[2] In Docket No. 18-CR-00186, the indictment names Ransom White, Derrick Davis, Johnathan Breaux, Robert Nelson, Tawanna Thomas, Orlando Lewis, Brittney McGee, and Brellon George, in addition to Defendant Lewis; therefore, the Government refers to it as "the White Indictment."
[3] Rec. Docs. 16, 17, and 18, in Docket No. 18-CR-00185; Rec. Docs. 37, 31, and 36, in Docket No. 18-CR-00186.
[4] Rec. Doc. 25, in Docket No. 18-CR-00185.
[5] It was noted at the outset of the detention hearing that, according to Lewis' pretrial services report, Lewis was on probation until May 2017, which was prior to the dates of the conspiracy alleged in Docket No. 18-CR-00185 but falls within the dates of the conspiracy alleged in Docket No. 18-CR-00186.
[6] *Id.*; *see also* 18 U.S.C. § 3142(g) (listing the factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community).

light of the order of detention on the Felton Indictment, the Government waived Lewis' detention hearing on the White Indictment, with the right to re-open should circumstances change.[7] On September 26, 2018, Lewis filed the instant motion to reopen her detention hearing.[8]

During the initial detention hearing, the Government presented one witness, who is a task force officer and the case agent, while Lewis presented two witnesses, one of which is an FBI agent and another case agent in this case, and the other was Lewis' sister, as a potential third party custodian.[9] The Government's witness testified that, during the investigation, it was discovered that Derrick Felton, Lewis' co-defendant in the Felton Indictment, shipped 18 pounds of methamphetamine from Los Angeles to an address in Lafayette, Louisiana. The address was the residence of Vonquilia Woods; however, the investigation also revealed that Lewis, Woods' cousin, also regularly stayed at that address. Lewis and Woods were both employed at Hardee's fast-food restaurant, in Lafayette, and the witness testified that Lewis would stay with Woods on days that she worked, and she'd stay at her own apartment otherwise.[10] The witness testified that Vonquilia Woods ultimately cooperated with law enforcement. Woods told law enforcement that, on the day before the shipment

---

[7] Rec. Doc. 23, in Docket No. 18-CR-00185.
[8] Rec. Doc. 62, in Docket No. 18-CR-00185.
[9] Rec. Doc. 64 (sealed), in Docket No. 18-CR-00185.
[10] Lewis' sister, who testified as a potential third party custodian, is a store manager at Hardee's restaurant.

was expected to arrive, Lewis told Woods, over the phone, that a package would be arriving at Woods' residence. Shortly after the methamphetamine shipment was seized, Vonquilia Woods was interviewed by law enforcement officers at the Lafayette Parish Sheriff's Office.[11]

The Government's witness further testified that phone records indicated that, between the time that the methamphetamine was shipped from Los Angeles and arrived in Lafayette, Felton made calls to co-defendant Alfonzo Johnlouis a/k/a Fish. During that same timeframe, Johnlouis' phone records indicated calls between Johnlouis and Lewis. According to the Government's witness, Vonquilia Woods told law enforcement that, shortly after the methamphetamine was seized, Lewis called Woods and apologized for having the package shipped to her house. Additionally, within one week of the methamphetamine seizure, law enforcement surveillance observed Lewis arrive at Vonquilia Woods' address, in Johnlouis' vehicle.[12]

And, finally, the Government's witness testified that when Lewis was ultimately arrested, law enforcement officers obtained her consent to enter her

---

[11] The FBI agent, called by Lewis during the hearing, testified that the methamphetamine package was seized on Friday, November 3, and he interviewed Vonquilia Woods on Monday, November 6, at the Lafayette Parish Sheriff's Office. Woods told the FBI that she did not find out that the package contained drugs until after it was seized.

[12] In addition to the above-described evidence, the Government's witness further testified that at least three other co-defendants, related to the White Indictment (Docket No. 18-CR-00186), have agreed to cooperate against Lewis. Furthermore, the witness testified that the Government has obtained wiretap communications, and other corroborating evidence, implicating Lewis in various stages of drug trafficking relevant to the White Indictment.

residence, in search of co-defendant Johnlouis, for whom an active arrest warrant had been issued. Upon entering Lewis' residence, officers observed marijuana in plain sight, at which point the officers stopped until a search warrant was obtained to search the residence. Ultimately, in addition to the marijuana, officers found methamphetamine, heroin, digital scales, and a stolen firearm.

Prior to ruling, the Court heard argument from counsel. The Government stressed the presumption in favor of detention; the significant evidence of Lewis' guilt on the underlying charges; and her criminal history and potential sentence if convicted on the charges against her in both the Felton and White Indictments. In response, Lewis minimized the details of her criminal history, as well as her role, if any, in the alleged drug trafficking conspiracy. Lewis further stressed that her family connections and community ties would act to assure her appearance, as required, in court.

In consideration of the pretrial services report, testimony, and arguments of counsel, this Court found that, pursuant to 18 U.S.C. § 3142(e)(3)(A), Lewis failed to rebut the presumption that no condition or combination of conditions will reasonably assure her appearance as required and the safety of the community, given the nature of the offenses with which she is charged, namely offenses for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801, *et seq*. The Court analyzed the factors set forth in

§ 3142(g), as follows. First, as to the nature and circumstances of the offense charged, Lewis is charged with offenses involving significant amounts of controlled substances, including pure methamphetamine and was also found in possession of heroin, such that the first factor weighed in favor of detention. Second, as to the weight of the evidence against Lewis, the Government clearly met its burden of clear and convincing evidence to show that this factor weighed in favor of detention. Third, as to Lewis' history and characteristics, this Court found that some factors weighed both in favor of and against detention. Fourth, the Court noted that Lewis was not on probation during the conspiracy alleged in the Felton Indictment, but she was during the conspiracy alleged in the White Indictment. And, finally, the Court found that Lewis presents a danger not only to herself but also to others because of the people with whom she associates. Accordingly, Lewis was ordered detained pending trial.

> Pursuant to 18 U.S.C. § 3142(f)(2)(B), a detention hearing may be re-opened . . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.[13]

---

[13] 18 U.S.C. § 3142(f)(2)(B).

In support of her motion, Lewis attaches two affidavits, one from her cousin Vonquilia Woods, and the other from Vonquilia Woods' mother, Twinkle Woods.[14] Through these two affidavits, Lewis submits that the Government witness incorrectly testified that Vonquilia Woods told law enforcement that Lewis had prior knowledge that a package delivered to Woods' house would contain drugs. Relying on the affidavits of these two potential witnesses, Lewis argues that there now exists sufficient evidence to rebut the presumption of detention and further "anticipates [that] the Government's evidence relating to the involvement of [Defendant Lewis] in the charged offenses will continue to be minimal and insufficient to establish she should be detained without bond."[15]

This Court, having reviewed the two affidavits, agrees with the Government that the instant motion misrepresents the testimony presented during the initial detention hearing. Contrary to the assertions in the instant motion and affidavits, it was made clear during the detention hearing that Lewis indicated prior knowledge of a package or delivery, not of any methamphetamine or other drugs being contained therein. Thus, Vonquilia Woods' statement that she "did not understand why the Government was saying [Lewis] was aware of the *drug* shipment[,]" misconstrues the case agent's testimony, and therefore does not serve as new

---

[14] Rec. Docs. 62-2 (Vonquilia Woods' affidavit) and 62-3 (Twinkle Woods' affidavit), in Docket No. 18-CR-00185.
[15] Rec. Doc. 62-1, in Docket No. 18-CR-00185.

information that has a material bearing on this Court's decision to detain Lewis.[16] Furthermore, even if the Court were to assume the veracity of each and every statement made in both affidavits, Lewis has nevertheless failed to rebut the presumption in favor of detention, for all of the reasons previously detailed on the record and summarized above, as supported by the testimony presented during the hearing and likewise summarized above. Accordingly, the instant motion [Rec. Doc. 62] is DENIED.

Signed in Lafayette, Louisiana, this 29th day of October, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[16] *See* Rec. Doc. 62-2, p. 2 (emphasis added).